LEE v. ANGELOS *ET AL.*

(116 S. E., 477)

ATTACHMENT—SURETIES ON BOND NOT RELEASED BY AMENDMENT OF COMPLAINT, BUT LIABLE ONLY TO EXTENT OF PRAYER IN ORIGINAL PLEADING.—In an action against the sureties on a bond given to secure the release of an attachment on an automobile, where it appears that, after the attachment and release upon bond in the original action, the complaint was amended so as to contain a prayer for $2,000 damages, rather than $700, and a judgment was recovered for $1,021.75, *held*, that the sureties on the bond were not entirely released by the amendment, but remained liable to the extent of the damages prayed at the time of giving the bond.

Before McIVER, J., Charleston. February, 1922. Reversed and new trial ordered.

Action by Alison P. Lee against Nick Angelos *et al.* Judgment for defendants and plaintiff appeals.

*Mr. Lionel K. Legg,* for appellant, cites: · *When amendment of complaint will discharge sureties on attachment bond:* 17 N. E., 647; 24 N. E., 593; 6 C. J., 347; 2 R. C. L., 889; 49 N. E., 309; 77 N. E., 633; 94 N. E., 273; 7 N. E., 728; 92 N. E., 472; 21 N. W., 267; 5 Conn., 587; 219 U. S., 320; 42 L. R. A. (N. S.), 484; 77 Atl., 847; 24 N. E., 262; 79 N. E., 1103; 22 Ill. App., 31; 131 Mass., 560; 14 Pick., 177. *Amendment did not introduce new cause of action:* 74 S. C., 236; 60 S. C., 496.

*Messrs. Waring & Brockington* and *J. A. Patla,* for respondents, cite: *Sureties discharged by amendment:* 40 Me., 125; 7 Ind. Terr., 543; 127 Mass., 599; 14 Pick., 28; 1 A. L. R., 1595; 87 N. W., 598; 89 N. W., 382; 33 Pac., 945; Brandt Suretyship (3rd Ed.), 1006; 127 Mass., 599; 3 Cranch C. C., 437; 7 Gray, 540; 4 N. W. 502; 104 S. W.. 829; 1 Oick, 204; 1 N. C., 54; 121 Mass., 492; 12 Nev., 234; 89 S. E., 897; 34 S. E., 44; 34 S. E., 895.

March 15, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER

The case contains the following:

"This is an action on a bond given to release an attachment. In February, 1918, the plaintiff, Alison P. Lee, brought an action against the defendant Nick Angelos, seeking to recover damages in the sum of $700 for the destruction of the plaintiff's automobile in a collision with an automobile of the said Nick Angelos, the said collision being alleged to have been due to the negligence and recklessness of the agent—of said Nick Angelos in the operation of Angelos' car. At the time of issuing the summons in that action the plaintiff, Lee, attached the automobile of the defendant Angelos, and thereupon Angelos gave bond with the defendant Chicco and Panuchopoulo as sureties in the sum of $1,400 for the release of the said attachment. The defendant Angelos answered, denying the material allegations of the complaint, and setting up the defense of contributory negligence. The case came up for trial in January, 1921, and resulted in a verdict for the plaintiff in the sum of $450. Thereafter a new trial was granted, and, in February, 1921, the plaintiff petitioned the Court for leave to amend the complaint by increasing the *ad damnum* from $700 to $2,000, the petition alleging that the value of an automobile similar to that destroyed was at that time $1,100 and, further, that, under the cause of action as set forth in the original complaint, the plaintiff was entitled to a reasonable sum as punitive damages for the grossly negligent and reckless acts of the defendant."

"After due hearing the petition for leave to amend was granted and the complaint ordered amended by striking out the words 'seven hundred,' in the *ad damnum* and prayer and substituting the words 'two thousand.' The case then came up for trial in April, 1921, before Judge Ernest Moore

and a jury, and a verdict was rendered in favor of the
plaintiff for $900 actual and $100 punitive damages. On
motion for a new trial the verdict for $900 actual damages
was cut down to $861.27, for the reason that the testimony
was to the effect that the plaintiff's automobile was worth
$705 at the time of the collision in February, 1918, and his
Honor, the presiding Judge, very properly held that the
measure of damages was therefore $705, plus interest to
date of the verdict. The verdict for $100 punitive damages
was undisturbed.

"Thereafter, in November, 1921, the defendant's appeal
having been dismissed, the plaintiff entered judgment against
the defendant Angelos in the sum of $1,021.75, being the
amount of the judgment with interest and costs at that time,
and issued execution, which was returned unsatisfied. The
plaintiff, Lee, then brought this action on the bond given
by the defendant Angelos to release the attachment. The
defendant Angelos is in default. The defendants Chicco
and Panuchopoulo admitted all of the allegations of the
complaint, but set up as a defense the allegation that the
amendment of the complaint in the case of *Lee v. Angelos,*
above referred to, operated to discharge them as sureties.
The case was submitted upon an agreed statement of facts
before his Honor, Judge Edward McIver, who, by his de-
cree dated March 9, 1922, held that the amendment of the
complaint in question discharged the defendants Chicco and
Panuchopoulo from all liability whatever on the bond, and
ordered the complaint dismissed as to the said defendants.
From this decree the plaintiff, Alison P. Lee, appeals to this
Court."

ARGUMENT

"The exceptions, five in number, raise practically one
question of law, namely: Did the amendment of the com-
plaint in the case of *Lee v. Angelos* discharge the sureties
on the bond given by Angelos to release the attachment?"

On this question we were referred to no binding authori-
ties from our own state, except that the amended complaint

does not state a new cause of action. The authorities from other jurisdictions are conflicting, and none entirely satisfactory to this Court. Some hold that the principal represents his surety, and notice to the principal is notice (constructive) to the surety. Others hold that the sureties are discharged. It seems to us that the true rule is between the two. The plaintiff, who is chargeable with knowledge of the value of his own property, alleges the value at $700. On that statement of the risk of becoming surety, the surety acts, and agrees to save the plaintiff harmless in the action. In order that the plaintiff may suffer no injury from the release of the automobile that caused the injury, the penalty is made double the amount. The injury complained of is the loss to the plaintiff of a $700 machine, and the surety guarantees to save the plaintiff harmless for the release to his principal of the injuring machine. The other $700 is to cover costs and such other incidental expenses as may arise in the prosecution of the case. It is manifestly unjust, therefore, to increase the sureties' risk over the amount demanded by the plaintiff. It is equally unjust to free the surety, because the sureties have assisted their principal in taking out of the custody of the law the property that has been attached to respond to the judgment in the case. The truck that was attached has disappeared from the case. The owner of the truck may not be able to respond to a judgment. On this theory the law allows the injured party a lien on the automobile that caused the loss. The sureties have enabled the principal to make way with the means of paying the judgment, and should not escape entirely. So far as the sureties are concerned, they are liable on the complaint as it stood at the time they signed the bond.

The judgment of this Court is that the judgment appealed from be reversed, and a new trial is ordered.

MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES WATTS and MARION concur.